IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Eric David Boudette,            )
                                )
            Petitioner,         )
                                )
    v.                          )     CIV 05-11 PHX SMM (VAM)
                                )
                                )     REPORT AND RECOMMENDATION
Dora B. Schriro,                )
                                )
            Respondent.         )
_____)

TO THE HONORABLE STEPHEN M. MCNAMEE, U.S. DISTRICT CHIEF JUDGE.

Eric David Boudette ("petitioner"), filed a <u>pro</u> <u>se</u> Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner raises three grounds for relief in the amended petition. (Doc. 4). Respondents filed an answer opposing the granting of habeas relief on the grounds that all claims raised are barred by the statute of limitations. (Doc. 21).

**A. BACKGROUND**

On September 15, 2000, petitioner was convicted by a Yavapai County Court of the crimes of aggravated assault (firing a gun at a peace officer during a traffic stop), attempted premeditated first-degree murder, and dangerous criminal damage (recklessly defacing or damaging a patrol car). (Doc. 21 at Exhibits A and B). As a result of his convictions, petitioner was sentenced to prison terms of 17 years for attempted first-degree murder, 14

1   years for aggravated assault and 1.5 years for criminal damage.

2   (Id. at Exhibit C).

3        Petitioner filed a pro se appeal to the Arizona Court of

4   Appeals.  (Doc. 21 at Exhibit E).  In a memorandum opinion filed

5   on April 4, 2002, the court affirmed his convictions and

6   sentences.  (Id. at Exhibit H).  On September 24, 2002, the

7   Arizona Supreme Court denied petitioner's petition for review

8   without comment.  (Id. at Exhibit J).  On October 28, 2002, the

9   Arizona Court of Appeals issued its order and mandate.  (Id. at

10  Exhibit K).  Nothing in the record indicates petitioner sought

11  review before the U.S. Supreme Court.

12       On April 23, 2003, petitioner filed several motions in the

13  state superior court.  (Doc. 21 at Exhibit L).  The court noted

14  that several of the motions "appear to be requests for post-

15  conviction relief" and referred them to the original trial court.

16  (Id. at Exhibit M).  On July 29, 2003, the trial court denied

17  relief on the basis of untimeliness and procedural infirmities,

18  but provided petitioner 30 days to file a proper petition for

19  post-conviction relief.  (Id. at Exhibit R).

20       On September 8, 2003, petitioner filed a petition for post-

21  conviction relief pursuant to Ariz.R.Crim.P. 32.1.  (Doc. 21 at

22  Exhibit S).  On January 7, 2004, the trial court dismissed the

23  petition finding two claims procedurally barred and the remaining

24  claims without merit.  (Id. at Exhibit U).  Petitioner did not

25  seek review of the trial court's dismissal.  (See Doc. 4 at p. 2).

26       On January 4, 2005, petitioner filed a petition for federal

27  habeas corpus relief.  (Doc. 1).  On February 22, 2005, petitioner

28                                2

filed an amended petition raising three grounds for relief.  (Doc. 4 at pp. 5-7 and Attachments).

## B. DISCUSSION

Respondents seek dismissal of the amended petition solely on the basis that all claims presented are barred by the 1-year statute of limitations found at 28 U.S.C. § 2244(d).  (See Doc. 21).

## A. Statute of Limitations

As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  This provision, codified at 28 U.S.C. § 2244, states, in pertinent part:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

1     In <u>Calderon v. United States District Court for the Northern</u>

2  <u>District of California</u> ("<u>Beeler</u>")(en banc), 128 F.3d 1283 (9th

3  Cir. 1997), the Ninth Circuit addressed the new limitations period

4  contained at 28 U.S.C. § 2244(d)(1).  The Court noted that prior

5  to § 2244(d)'s enactment "state prisoners had almost unfettered

6  discretion in deciding when to file a federal habeas petition" and

7  that "delays of more than a decade did not necessarily bar a

8  prisoner from seeking relief."  <u>Beeler</u>, 128 F.3d at 1286.

9     The Court noted, however, that the provisions of § 2244(d)

10  "dramatically changed this landscape" and a petitioner was now

11  "required to file his habeas petition within one year of the date

12  his process of direct review came to an end."  <u>Id.</u>  The Court,

13  following other circuits, also held that the period of limitations

14  "did not begin to run against any state prisoner prior to the

15  statute's date of enactment" of April 24, 1996.  <u>Beeler</u>, 128 F.3d

16  at 1287.  Thus, all federal habeas corpus claims concerning state

17  court judgments finalized prior to April 24, 1996, had to be filed

18  by April 23, 1997,[1] or they were barred by the statute of

19  limitations absent a showing the circumstances surrounding the

20  filing of the petition fell into one of the categories listed in §

21  2244(d)(1)(B)-(D).

22     The <u>Beeler</u> Court also held § 2244(d) established a customary

23  statute of limitations period "subject to equitable tolling."  <u>Id.</u>

24  _____

25     [1] The Ninth Circuit has held that, pursuant to the counting
   provisions outlined in Fed.R.Civ.P. 6, the one-year limitations
   period for all habeas petitioner's challenging convictions or
26  sentences finalized prior to the April 24, 1996 effective date of
   the AEDPA is April 24, 1997.  <u>Patterson v. Stewart</u>, 251 F.3d 1243,
27  1246 (9th Cir. 2001).

28                                    4

at 1288-89.  The statute itself provided for tolling the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2). However, the Court cautioned that equitable tolling of the limitations period "will not be available in most cases but will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288-89 (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (3rd Cir. 1997)).

**B. Application of Law to Facts of the Case**

Petitioner's direct appeal became final on December 26, 2002, when petitioner did not file a petition for writ of certiorari within 90 days of the Arizona Supreme Court's denial of the petition for review on direct appeal on September 26, 2002.  Souch v. Harkins, 21 F.Supp.2d 1083, 1084-85 (D.Ariz. 1998); see also Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  As a result, the limitations period commenced running on December 27, 2002 and continued until petitioner filed a petition for post-conviction relief on September 8, 2003.  (Doc. 21 at Exhibit S).  A period of more than eight months.

The limitations period was tolled from September 8, 2003, until petitioner's Rule 32 proceedings concluded when the 30-day period for seeking review of the trial court's denial of relief elapsed on February 5, 2004.  (See Doc. 21 at Exhibit U). Petitioner did not file for federal habeas relief until January 4, 2005, approximately 11 months later.  When this 11-month period is

combined with the 8-month period which elapsed between conclusion
of his direct review proceedings and initiation of his state Rule
32 petition, petitioner had a total of more than 19 months of
untolled time before he filed his federal habeas petition.  As a
result, unless petitioner can show he is entitled to either
statutory or equitable tolling, his claims should be dismissed as
untimely.

Petitioner has provided no basis for statutory or equitable
tolling of the statute of limitations nor is any basis apparent
from the record.  Moreover, even if the Court were to credit
petitioner for time prior to the actual filing of his Rule 32
petition on September 8, 2003, during which it might be argued he
attempted, albeit in a procedurally infirm way, to present these
claims in state court (beginning on April 21, 2003, when he filed
"motions" in the state superior court, to July 29, 2003, when the
state denied the motions), he is still left with a period of
approximately 16 months of untolled time.  His January 4, 2005
habeas filing is still untimely.

IT IS THEREFORE RECOMMENDED that the Amended Petition for
Writ of Habeas Corpus be denied on the basis that all claims
raised are barred by the statute of limitations.

This Report and Recommendation is not an order that is
immediately appealable to the Ninth Circuit Court of Appeals.  Any
notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of
Appellate Procedure, should not be filed until entry of the
District Court's order and judgment.  The parties shall have ten
(10) days from the date of service of this Report and

1    Recommendation within which to file specific written objections.

2    Thereafter, the parties shall have ten (10) days within which to

3    file a response to the objections.  Failure to timely file

4    objections to any factual determinations of the Magistrate Judge

5    will be considered a waiver of a party's right to de novo

6    consideration of the factual issues and will constitute a waiver

7    of a party's right to appellate review of the findings of fact in

8    an order or judgment entered pursuant to the Magistrate Judge's

9    Report and Recommendation.

10          DATED this 11th day of October, 2005.

11

12   _____
                         Virginia A. Mathis
13                  United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              7