**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Eric BOUDETTE, | ) | No. CV-05-0011-PHX-SMM (VAM) |
| | ) | |
| Petitioner, | ) | **MEMORANDUM OF DECISION AND** |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Dora SCHRIRO, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

    Pending before the Court is Petitioner Eric Boudette's Petition for Writ of Habeas Corpus. [Doc. No. 1] On October 12, 2005, Magistrate Judge Virginia A. Mathis filed a Report and Recommendation, advising this Court that Petitioner's Petition should be denied and dismissed with prejudice.  [Doc. No. 22] Petitioner filed a Motion for Extension of Time to Repl to Attorney General's Answer to First Amended Petition for Writ of Habeas Corpus and Deadline to Respond on October 19, 2005. [Doc. No. 23] This Court granted that Motion in part and denied the Motion in part on October 21, 2005, and allowed Petitioner an additional 45 days to file his Objections to the Report and Recommendations. [Doc. No. 24] Petitioner filed another Motion for Extension of Time on December 5, 2005 [Doc. No. 25], and the Court granted him 7 additional days to file his Objections. [Doc. No. 26]  Petitioner filed Objections on December 12, 2005. [Doc. No. 28] With his Objections, Petitioner also filed a Motion to Recuse Magistrate Judge [Doc. No. 29] and a Motion for Court Appointed Counsel [Doc. No. 30].  Respondent filed an Opposition to the Objections and both Motions on December 16,

1  2005. [Doc. No. 31] Petitioner replied to the Opposition on January 5, 2006 [Doc. No. 34], after

2  having been granted an extension of time to do so by this Court [Doc. No. 33].

3      After considering Judge Mathis's Report and Recommendation and the arguments raised

4  in Petitioner's Objections thereto, as well as the Motion to Recuse Magistrate Judge and the

5  Motion for Court Appointed Counsel and the subsequent filings by both Petitioner and

6  Respondent, the Court now issues the following rulings.

### I. REPORT AND RECOMMENDATIONS

**A. Standard of Review**

9      The Court "may accept, reject, or modify, in whole or in part, the findings or

10 recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(C); see also Baxter v.

11 Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).  The Court must review the legal analysis in the

12 Report and Recommendation *de novo*.  See 28 U.S.C. § 636(b)(1)(C).  The Court must review

13 the factual analysis in the Report and Recommendation *de novo* for those facts to which

14 Objections are filed and for clear error for those facts to which no Objections are filed.  See id.;

15 see also Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998) (failure to file objections relieves

16 the district court of conducting *de novo* review of the magistrate's factual findings).

**B. Discussion**

18     Having reviewed the legal conclusions of the Report and Recommendation of the

19 Magistrate Judge and the objections having been made by Petitioner thereto, the Court hereby

20 incorporates and adopts the Magistrate Judge's Report and Recommendation, with the following

21 addition.

22     In his Objections and Reply, Petitioner put forth a claim of "actual innocence."  That is,

23 Petitioner argues that even if the statute of limitations has passed, he is "actually innocent" and

24 his constitutional challenges should go forward.  In Schlup v. Delo, the United States Supreme

25 Court held that a petitioner "must show that it is more likely than not that no reasonable juror

26 would have found petitioner guilty beyond a reasonable doubt" to prevail on a claim of "actual

27 innocence." 513 U.S. 298, 327 (1995).  Petitioner in this case has failed to meet that burden and

28

1  therefore the Court need not reach a conclusion on whether "actual innocence" is an exception

2  to the statute of limitations for petitions for writs of habeas corpus.

3  ## II.  MOTION TO RECUSE MAGISTRATE JUDGE

4  Under both 28 U.S.C. §§ 144 and 455, the standard for disqualification is "whether a

5  reasonable person with knowledge of all the facts would conclude that the judge's impartiality

6  might reasonably be questioned."  United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir.

7  1997).  Recusal is required "only if bias or prejudice stems from an extrajudicial source and not

8  from conduct or rulings made during the course of the proceeding." Pau v. Yosemite Park and

9  Curry Co., 928 F.2d 880, 885 (9th Cir. 1991) (citing Toth v. TransWorld Airlines, 862 F.2d

10  1381, 1388 (9th Cir. 1988)).

11  Petitioner moves to recuse United States Magistrate Judge Virginia A. Mathis from this

12  case.  In support of his Motion, Petitioner contends that Judge Mathis: did not extend filing

13  deadlines for him, thereby "engaging in a pattern of preferential treatment . . . that favors the

14  State Attorney General's office" (Mot. to Recuse, ¶ 1); "has a widespread reputation in the

15  prison for consistently overreaching in her orders" in habeas corpus cases (Id. at ¶ 8) and has

16  an "internal bias" against Petitioner and prisoners (See id. at 6-7); issues rulings that are

17  prejudicial to prisoners (Id. at ¶ 9); and denied Petitioner's Motion to Leave to File a Second

18  Amended Petition (Id. at ¶ 14).  Also, Petitioner argues that habeas corpus law is skewed in

19  favor of the state (Id. at ¶¶ 2, 5) and that prisoners are not provided sufficient legal materials.

20  (Id. at ¶¶ 3, 4.)

21  The Court finds that none of Petitioner's numerous assertions meet the standard for

22  requiring recusal of a judge.  The majority of Petitioner's contentions take issue with rulings

23  issued by Judge Mathis; however, case law usually requires an extrajudicial source of bias in

24  order to mandate recusal.  See Liteky v. United States, 510 U.S. 540, 554-56 (1994); see also

25  Pau, 928 F.2d at 885.  Unless a judge's opinions "display a deep-seated favoritism or antagonism

26  that would make fair judgment impossible," they will not constitute a valid basis for a recusal

27  motion.  Liteky, 510 U.S. at 554-56.  Additionally, Petitioner's allegation of "internal bias" is

28  not supported by reference to any specific facts.  Such an allegation is insufficient to support

1   a motion for recusal.  See, e.g., United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980). The

2   Court further notes that Petitioner's arguments that federal habeas corpus law is biased against

3   prisoners and that prisoners lack adequate legal materials are not grounds for recusal of a judge

4   because they do not involve a judge's partiality.  Here, the Court finds that Petitioner has not

5   demonstrated an extrajudicial source for any alleged bias, nor has Petitioner shown a deep-

6   seated favoritism or antagonism on the part of Judge Mathis as to make fair judgment

7   impossible. For the reasons set forth above, Petitioner's Motion to Recuse Magistrate Judge

8   Mathis must therefore be denied.

9                    **III.  MOTION FOR COURT APPOINTED COUNSEL**

10          Petitioner also moves this Court to appoint Petitioner a public defender for his habeas

11   proceedings.  This Motion will be denied as moot, because the Court, by adopting Judge

12   Mathis's Report and Recommendation, denies Petitioner's Petition for Writ of Habeas Corpus

13   and therefore dismisses this matter.

14                                    **CONCLUSION**

15          For the reasons set forth above,

16          **IT IS ORDERED** that the Court adopts the Report and Recommendation of Magistrate

17   Judge Virginia A. Mathis [Doc. No. 22] with the above addition.

18          **IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus

19   [Doc. No. 1] is DENIED and this action is DISMISSED WITH PREJUDICE.

20          **IT IS FURTHER ORDERED** that Petitioner's Motion to Recuse Magistrate Judge

21   [Doc. No. 29] and Motion for Court Appointed Counsel [Doc. No. 30] are DENIED.

22

23          DATED this 11th day of January, 2006.

24

25   _____

26                    Stephen M. McNamee
                 Chief United States District Judge

27

28

                                    - 4 -