**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric BOUDETTE, ) | No. CV-05-0011-PHX-SMM (VAM) |
| Petitioner, ) | **MEMORANDUM OF DECISION & ORDER** |
| v. ) | |
| Dora SCHRIRO, et al., ) | |
| Respondents. ) | |

Pending before the Court is Petitioner's Motion for Reconsideration of this Court's Order of January 13, 2006. [Doc. No. 35] Petitioner asks this Court to reconsider its decision to adopt the Report and Recommendation of Magistrate Judge Mathis, denying Petitioner's Petition for Writ of Habeas Corpus; its decision to deny Petitioner's Motion to Recuse Magistrate Judge Mathis; and its decision to deny Petitioner's Motion for Court Appointed Counsel. Petitioner reiterates his prior arguments that his petition for writ of habeas corpus was time-barred, that Judge Mathis should be recused because she is biased against prisoners, and that he should be appointed counsel for his habeas petition. After considering the Petitioner's Motion and all other relevant filings and case law, the Court now issues the following ruling.

## DISCUSSION

A district court may grant a motion to reconsider only in "highly unusual circumstances." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is only appropriate where: (1) the district court is presented

1 with newly discovered evidence; (2) the district court committed clear error in its decision; (3) the district court's decision was manifestly unjust; or (4) there is an intervening change in controlling law. Id. at 1262-63. Procedurally, motions to reconsider are generally treated as motions to alter or amend the judgment or for relief from a judgment or order. See Fed. R. Civ. P. 59(e), 60. Thus, relief may also be available on any of the grounds listed in Rule 60. See Fed. R. Civ. P. 60.

### A. Report and Recommendation

Petitioner refers to no newly discovered evidence and raises no new arguments in his Motion for Reconsideration that the Court had not previously considered in its Order of January 13, 2006 [Doc. No. 35]. Thus, Petitioner has not demonstrated the Court committed clear error in its decision nor that the Order was manifestly unjust. Furthermore, no intervening change in controlling law has occurred which Petitioner has brought to the Court's attention. Accordingly, this portion of Petitioner's Motion must be denied.

### B. Motion to Recuse Magistrate Judge Mathis

In support of his Motion, Petitioner argues that he "is no position to obtain court data that proves or shows a tendency and supports" his contention that Judge Mathis has a "latent bias against prisoners." (Mot. for Recons. at p. 4.) Indeed, Petitioner contends that the Court "can determine if there if a propensity or appearance of bias" because the court "holds the keys to the court database." (Id.) Thus, Petitioner essentially suggests that the Court marshal evidence that supports his assertions. The Court will not do so, simply because that is not its role. Rather, the Court issues rulings based on the evidence in the Record before it. As previously stated by the Court in its January 13, 2006 Order, Plaintiff has not proffered evidence to support his contentions, and therefore the Motion to Recuse was properly denied.

In addition, the Court notes that it applied the appropriate standard in its review of Petitioner's Motion to Recuse Judge Mathis in its January 13, 2006 Order. The Court found that none of Petitioner's assertions met the objective, reasonable person standard of United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997). Furthermore, the Ninth Circuit noted in Hernandez that "[o]rdinarily, the alleged bias must stem from an extrajudicial

source." Id. Thus, the Court was correct in stating that "case law usually requires an extrajudicial source of bias in order to mandate recusal." (1/13/06 Order at p. 3.) Indeed, the United States Supreme Court noted in Liteky v. United States, 510 U.S. 540, 554-56 (1994) that "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." Therefore, Petitioner's argument that the Court should find Judge Mathis is biased against prisoners because of her rulings in cases filed by prisoners fails. Without any evidence from Petitioner as to his Motion to Recuse Judge Mathis, the Court is not inclined to find that this situation is the narrow instance in which a finding of extrajudicial bias would not be required. Also, the Court notes that none of the case law Petitioner cites is controlling authority on this Court, with the exception of the United States Supreme Court cases, which this Court has considered and applied.[1]

Therefore, because no newly discovered evidence is before the Court, because Petitioner has not demonstrated the Court committed clear error in its decision nor that the Order was manifestly unjust, and because no intervening change in controlling law has occurred in the interim, this portion of Petitioner's Motion for Reconsideration must be denied.

**C. Motion for Court Appointed Counsel**

Petitioner argues that the Court, in its January 13, 2006 Order "eliminated Petitioner's due process right to counsel." (Mot. for Recons. at p. 2.) Petitioner relies primarily on Douglas v. California, 372 U.S. 353 (1963); however, this reliance is misplaced because Douglas addressed defendants' right to counsel on direct appeal. By contrast, there is no constitutional right to counsel in federal habeas corpus proceedings, with the exception of capital cases. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Pennsylvania v. Finley, 481

---

[1] In the same vein, the Court rejects Petitioner's statement that the standard enunciated in Liteky by the United States Supreme Court, which this Court applied in its January 13, 2006 Order, "is not a fair or proper standard for this court to utilize, and it cannot substitute that standard as a matter of discretion." (Mot. for Recons. at p. 6.) This Court must apply that standard, as the Supreme Court is the highest federal court in the land, and has done so.

- 3 -

U.S. 551, 555 ("[T]he right to appointed counsel extends to the first appeal of right, and no further"); Brown v. Vasquez, 952 F.2d 1164, 1168 (9th Cir. 1991); 21 U.S.C. § 848(g)(4)(B). Therefore, it is within the Court's discretion to appoint counsel for a habeas petitioner.

In this case, the Court had already adopted the Report and Recommendations of Judge Mathis, thereby dismissing the matter and rendering the Motion moot. Because Petitioner has not shown that the Court's decision was in clear error or manifestly unjust, or that controlling case law has changed, and because no newly discovered evidence is present, the Court will deny this portion of Petitioner's Motion for Reconsideration.

## CONCLUSION

For reasons set forth above,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration [Doc. No. 35] is DENIED.

DATED this 4th day of February, 2006.

Stephen M. McNamee
Chief United States District Judge